IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

James Brown, Individually, and on behalf of )
All Others Similarly Situated, )
                                 )
      Plaintiff, )
                                   )
v. )    Case No.:
                                   )
Eye Care Centers of America, Inc., and )
Eyemasters, Inc., d/b/a Visionworks )
                                   )
      Defendants. )
                                   )

## NOTICE OF REMOVAL

      Defendants Eye Care Centers of American, Inc. ("ECCA"), and Eyemasters, Inc. d/b/a

Visionworks (collectively, "Defendants"), through their undersigned counsel, hereby remove the

civil action entitled "*James Brown, Individually, and on Behalf of All Others Similarly Situated*

*v. Eye Care Centers of America, Inc., and Eyemasters, Inc., d/b/a Visionworks,"* Case No. 10 CH

00915 (the "State Court Action"), from the Circuit Court of Cook County, Illinois, Chancery

Division, where it is now pending, to the United States District Court for the Northern District of

Illinois, Eastern Division. This removal, pursuant to 28 U.S.C. §1441(a), is based on federal

question jurisdiction under 28 U.S.C. §1331, and diversity jurisdiction under 28 U.S.C. §1332.

In accordance with 28 U.S.C. §1446(a), Defendants make the following statements regarding the

grounds for removal:

        1.      Pursuant to 28 U.S.C. §1446(a), any civil action brought in a state court of which

the district courts of the United States have original jurisdiction may be removed by the

Defendant to the district court for the district and division embracing the place where such action

is pending. Removal to this Court is proper under 28 U.S.C. §1446(a) because the Northern

District of Illinois, and the Eastern Division thereof, are the district and division within which the Circuit Court of Cook County, Chancery Division, is located.

2.     This Court has original jurisdiction over a state court action pursuant to 28 U.S.C. §1331 if the action arises under the Constitution, laws, or treaties of the United States.   In the Complaint (Count IV), Plaintiff seeks relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* (Complaint, Counts IV, attached hereto as Exhibit A).   Accordingly, this Court has original jurisdiction over this claim under 28 USC §1331.

3.     Plaintiff's Complaint may be properly removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1441 because the federal courts have jurisdiction over cases arising under the FLSA.   *See, e.g., Breuer v. Jim's Concrete of Brevard Inc.,* 538 U.S. 691 (2003) (holding that since Section 216(b) of the FLSA contains no limitation on removal, FLSA actions may properly be removed).

4.     Plaintiff also seeks relief for alleged wage violations under the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and alleges a state law claim of unjust enrichment.   (Complaint, Counts 1-3, attached hereto as Exhibit A).   Under 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over any of Plaintiff's claims over which this Court does not have federal question jurisdiction.   Moreover, because Plaintiff's state law claims arise from a common nucleus of operative facts based solidly on Plaintiff's wage claims under federal law, this Court should exercise pendent jurisdiction over the state law claims raised in this action.   *See Sellars v. City of Gary*, 453 F.3d 848, 852 (7th Cir. 2006) ("If the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter to the state court." quoting *Rothman v. Emory Univ.,* 123 F.3d 446, 454 (7th Cir. 1997)).

5. This Court therefore has original jurisdiction over the claims in Plaintiff's Complaint.

6. In addition, this Court also has subject-matter jurisdiction over this case founded upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), as this matter meets the requirements of Section 1332(a), as demonstrated below.

7. Pursuant to 28 U.S.C. §1332, this Court has original jurisdiction over matters where the parties are citizens of different states and the amount in controversy exceeds $75,000. Those requirements are met here. Plaintiff is a citizen of the state of Illinois, and resides in Cook County, Illinois. Compl. ¶1. Defendant ECCA is a citizen of Texas. *See* 28 U.S.C. § 1332(c)(1) (A corporation is a citizen of the state of incorporation and the state of its principal place of business.) Defendant ECCA is incorporated in Texas with its principal place of business in San Antonio, Texas. Defendant EyeMasters, Inc. is incorporated in Delaware, with its principal place of business in San Antonio, Texas. Accordingly, the parties are diverse.

8. Pursuant to 28 U.S.C. §1332(a), the "amount-in-controversy", must "exceed[] the sum or value of $75,000…." In the Complaint, Plaintiff seeks to represent a Class of purportedly "over one hundred individuals" (Complaint, ¶15), and seeks, *inter alia*, alleged back pay, liquidated damages, and "all costs and reasonable attorney's fees incurred in prosecuting this action." (Compl., Prayer for Relief p. 9-10). Accordingly, there is a reasonable probability that the amount in controversy would exceed the $75,000 jurisdictional threshold.

9. Defendant EyeMasters, Inc. was served with a Summons and Complaint in the state court action on January 20, 2010. Defendants have therefore filed this Notice of Removal

of the case to the United States District Court within thirty (30) days after service of the Complaint on Defendants. This Notice is therefore timely filed under 28 U.S.C. §1446(b).

10. In accordance with 28 U.S.C. §1446(a), copies of all papers served upon Defendants in the state court action are attached hereto as Exhibit A.

11. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois, Chancery Division.

12. By filing this Notice of Removal, Defendants do not waive any defenses to the claims asserted by Plaintiff that may be available to them or concede that Plaintiff has pleaded any claim upon which relief may be granted.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

By: s/ Michael D. Ray
One of Defendants' Attorneys

Michael H. Cramer (6199313)
Michael D. Ray (6285109)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Two First National Plaza
Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891
(312) 558-1220
February 19, 2010

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a copy of the foregoing Notice of Removal to be served by email and first class mail, postage prepaid this 19th day of February, 2010 upon:

Ryan Stephan
James B. Zouras
Stephan Zouras LLP
205 N. Michigan Ave., Suite 2560
Chicago, IL 60601

The undersigned attorney further certifies that he caused a copy of the foregoing Notice of Removal to be served by first class mail, postage prepaid this 19th day of February, 2010 upon:

Clerk
Circuit Court of Cook County, IL, Chancery Division
50 W. Washington St., Rm. 802
Chicago, IL 60602

s/ Michael D. Ray

8256713.1 (OGLETREE)

010

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

FILED-CH 8
CLERK OF THE CIRCUIT COURT

(8/01/08) CCG N001

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT,** CHANCERY **DIVISION**

2010 JAN 22 A II

No. **1 0 CH 0 0 9 1 5**

CALENDAR NO. ARTHUR

JAMES BROWN, Individually, and on Behalf of All Others Similarly Situated

(Name all parties)

v.

EYE CARE CENTERS OF AMERICA, INC., and EYEMASTERS, INC., d/b/a VISIONWORKS

**SUMMONS**

0201

A00732 v2.1 01/07/10 15:23
Please serve 2.1
Eyemasters, Inc. 10CH000915
EYE CARE
c/o C T Corporation System      50.00
CHANCERY
208 S. LaSalle Street, Suite 814  10.00
OFF SERVICE F 64062
Chicago, Illinois 60604
CASE TOTAL              60.00 X
                  TOTAL   60.00 TL
CHECK I
                        60.00
CASHIER: GINNY

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **802**_____, Chicago, Illinois 60602

☐ **District 2 - Skokie**      ☐ **District 3 - Rolling Meadows**      ☐ **District 4 - Maywood**
5600 Old Orchard Rd.      2121 Euclid      1500 Maybrook Ave.
Skokie, IL 60077      Rolling Meadows, IL 60008      Maywood, IL 60153

☐ **District 5 - Bridgeview**      ☐ **District 6 - Markham**      ☐ **Child Support**
10220 S. 76th Ave.      16501 S. Kedzie Pkwy.      28 North Clark St., Room 200
Bridgeview, IL 60455      Markham, IL 60426      Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 43734

Name: STEPHAN ZOURAS, LLP

Atty. for: Plaintiff

Address: 205 N. Michigan Avenue, Suite 2560

City/State/Zip: Chicago, Illinois 60601

Telephone: (312) 233-1550

**DOROTHY BROWN** JAN 0 7 2010

_____
**Clerk of Court**

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EXHIBIT A



EXHIBIT A

TYPE CHANCERY    SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS    DISTRICT 010
STROM 10104

SHERIFF'S NUMBER 412632-001A CASE NUMBER 10CH00915    DEPUTY:_____

FILED DT 01-07-2010 RECEIVED DT 01-07-2010 DIE DT 02-01-2010 MULTIPLE SERVICE    1
    DEFENDANT                              ATTORNEY
EYEMASTERS, INC.                          STEPHAN ZOURAS
208 S LA SALLE ST                         X
CHICAGO IL. 60604                         X X . 00000
STE#814                                   312 233-1550
PLAINTIFF JAMES BROWN

SERVICE INFORMATION: LJ - C/O C T CORPORATION SYSTEM

*********************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
       _____ DAY OF _____ 20___, IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME_____
..X..3 SERVICE ON: CORPORATION✓ COMPANY___ BUSINESS___ PARTNERSHIP_____
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
.....4 CERTIFIED MAIL_____

(B)  THOMAS J. DART, SHERIFF, BY:    _____, DEPUTY    10104

     1 SEX__M/F  RACE__H  AGE 32
     2 NAME OF DEFENDANT EYEMASTERS, INC,
         WRIT SERVED ON    L. VINA — AP
       THIS 20 DAY OF JAN , 20 10 TIME 10 :30 A.M. P.M.

     ADDITIONAL REMARKS    _____

*********************************************************************************
THE NAMED DEFENDANT WAS NOT SERVED.

TYPE OF BLDG    OFC.                    ATTEMPTED SERVICES

NEIGHBORS NAME _____         DATE      TIME  A.M./P.M.

    ADDRESS _____         _____  ___:___ ____

       REASON NOT SERVED:           _____  ___:___ ____
                     ___07 EMPLOYER REFUSAL
__01 MOVED           ___08 RETURNED BY ATTY    _____  ___:___ ____
__02 NO CONTACT      ___09 DECEASED
__03 EMPTY LOT       ___10 BLDG DEMOLISHED     _____  ___:___ ____
__04 NOT LISTED      ___11 NO REGISTERED AGT.
__05 WRONG ADDRESS   ___12 OTHER REASONS       _____  ___:___ ____
__06 NO SUCH ADDRESS ___13 OUT OF COUNTY
                                              _____  ___:___ ____

FEE   .00  MILEAGE    .00  TOTAL    .00                SG30

EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

JAMES BROWN, Individually, and on )
Behalf of All Others Similarly Situated, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiff, 　　　　　　　 )　　Case No. 1 0 C H 0 0 9 1 5
　　　　　　　　　　　　　　　　　　　　 )
　　　v. 　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )　　**PLAINTIFFS' CLASS ACTION**
EYE CARE CENTERS OF AMERICA, )　　**COMPLAINT**
INC., and EYEMASTERS, INC., d/b/a )
VISIONWORKS 　　　　　　　　　　　　 )　　**(JURY TRIAL DEMANDED)**
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendants. 　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )

　　　　Plaintiffs, JAMES BROWN individually and on behalf of all other similarly

situated employees, by and through his attorneys Stephan Zouras, LLP brings his claims

as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and

§5/2-802 and in accordance with Illinois state wage and hour law against Defendants, and

allege, upon personal belief as to themselves and their own acts, and as for all other

matters upon information and belief, and based upon the investigation made by their

counsel, as follows:

## PARTIES

1.　　Plaintiff James Brown is a resident of Cook County, Illinois and worked as a

salaried manager for Defendants located in the State of Illinois, during the applicable

statute of limitations period.

2.　　Plaintiff brings this case on behalf of himself and others who currently work, or

who worked as salaried managers, including but not limited to salaried retail managers,

salaried lab managers and/or salaried general managers or other positions performing

similar responsibilities for the Defendants and who do not meet the tests for exemption in

EXHIBIT A

the State of Illinois at any time during the three-year period immediately preceding the filing of the original complaint (hereinafter "Statutory Period").

3.     Plaintiffs were employed by Defendants as "employee(s)" as defined by Illinois statute 820 ILCS §§105 *et seq.* (hereinafter referred to the Illinois Minimum Wage Law or "IMWL")

4.     Defendant EYE CARE CENTERS OF AMERICA, INC. is a Texas corporation that transacts business in the State of Illinois and Cook County.

5.     Defendant EYEMASTERS, INC. is a Delaware corporation conducting business as VISIONWORKS in the State of Illinois and Cook County.

6.     Defendants are "employers" within the meaning of the IMWL.

## FACTUAL BACKGROUND

7.     Plaintiffs are individuals who were employed by Defendants as salaried managers during the statutory period. Plaintiffs all shared similar job titles, training, compensation plans, job descriptions and job requirements. Plaintiffs all regularly worked in excess of 40 hours per week.

8.     Defendants managed Plaintiffs' work, including amount of hours worked and compensation paid. The Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

9.     Pursuant to its systematic practices, the Defendants misclassified its salaried managers as exempt from the IMWL and failed to pay them the requisite overtime premium for time worked in excess of forty hours per week. Plaintiffs are not properly classified as exempt because they fail the test for exemption. Specifically, Plaintiffs 1)

2

did not customarily and regularly supervise the work of two (2) or more other employees; and, 2) their primary duty did not consist of management or administrative work.

10.     Defendants failed to record the time worked by its salaried managers in violation of the IMWL and failed to properly compensate Plaintiffs for all time worked in excess of forty hours per week. Specifically, Defendants deprived Plaintiffs of overtime compensation for time worked over forty hours per week.

11.     Defendants' practices violated the provisions of Illinois state law. As a result of Defendants' unlawful practices, the Defendants unjustly benefited from reduced labor and payroll costs.

12.     Plaintiffs were all subject to Defendants' uniform policies and practices and were victims of Defendants' systematic schemes to deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of the IMWL, Plaintiffs suffered lost wage and other damages.

## CLASS ALLEGATIONS

13.     Representative Plaintiffs bring their claims for relief individually and as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802. The class is defined as:

> "All individuals who are currently employed or who were employed by one or more of the Defendants, its subsidiaries or affiliated companies, as salaried managers in the State of Illinois at any time during the relevant statute of limitations period."

14.     This action is properly maintainable as a class action under §2-801 because:

        a.   The class is so numerous that joinder of all members is impracticable;

        b.   There are questions of law or fact that are common to the class;

3

EXHIBIT A

    c.  The claims or defenses of the representative parties are typical of the claims or defenses of the class; and,

    d.  The Representative Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

15.    On information and belief, the total number of putative class members represents over one hundred individuals. The exact number of class members may be determined from Defendants' payroll records.

### Commonality

16.    There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

    a.  Whether Defendants failed to keep true and accurate time records for all hours worked;

    b.  Whether Defendants' records of hours worked are reliable where Defendants failed its duty to maintain true and accurate time records;

    c.  Whether Defendants failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

    d.  Whether Defendants improperly classified Plaintiffs as exempt from the IMWL;

    e.  Whether the Plaintiffs customarily and regularly supervised the work of two (2) or more other employees;

    f.  Whether the Plaintiffs' primary duty was management;

    g.  Whether the Plaintiffs' primary duty was administrative;

    h.  Whether Defendants failed to compensate Plaintiffs for all work performed in excess of 40 hours per workweek with overtime premium wages; and

    i.  Whether the Defendants willfully failed to comply with state wage and hour laws.

4

EXHIBIT A

17.     Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

### Adequacy

18.     The Representative Plaintiffs will fairly and adequately protect the interests of the class. They have retained experienced counsel that is competent in the prosecution of complex litigation and who have experience acting as class counsel specifically for wage and hour litigation.

### Typicality

19.     The claims asserted by the Representative Plaintiffs are typical of the class members they seek to represent. The Representative Plaintiffs have the same interests and suffer from the same injuries as the class members.

20.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

### Superiority

21.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought

EXHIBIT A

individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

22.     Plaintiffs incorporate by reference all preceding paragraphs.

23.     Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

24.     Defendants are "employers" and Plaintiffs and class members are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq.*

25.     The IMWL, 820 ILCS §§ 105/4(a) requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

26.     Plaintiffs regularly worked in excess of 40 hours per week.

27.     Defendants violated IMWL, 820 ILCS §§105 *et seq.*, by regularly and repeatedly failing to properly pay overtime pay and other benefits to Plaintiffs.

EXHIBIT A

28.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

29.     Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing its violation of these statutory provisions.

**COUNT II**

**VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

30.     Plaintiffs incorporate by reference all preceding paragraphs.

31.     Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

32.     Section two of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the two parties ..."

33.     Section four of the IWPCA, 820 ILCS § 115/4, provides that every employer shall pay, "All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

34.     Section five of the IWPCA, 820 ILCS § 115/5, provides that, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

35.     Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the overtime they worked each week

7

36.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

37.     Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing its violation of these statutory provisions.

## COUNT III

### UNJUST ENRICHMENT

38.     Plaintiffs incorporate by reference all preceding paragraphs.

39.     The performance of work by Plaintiffs and others similarly situated as set forth above conveyed a benefit to Defendants which it knowingly received.

40.     Defendants are not entitled to this benefit without payment and to retain such benefits without payment would be unjust to named Plaintiffs and the Plaintiff class.  As a matter of equity, Defendants should not be allowed to prosper at the expense of Plaintiffs and others similarly situated.

41.     Plaintiffs and others similarly situated are entitled to recover the reasonable value of the benefit conveyed to Defendants by Plaintiffs' performance of work described herein.

## COUNT IV

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

42.     Individual Plaintiff James Brown incorporates by reference all preceding paragraphs.

43.     Individual Plaintiff, James Brown asserts claims for unpaid overtime pursuant to 29 U.S.C. 201 *et seq.*, commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

8

EXHIBIT A

44.    At any and all times relevant hereto, Defendants were each an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203 (s).

45.    At any and all times relevant hereto, Defendants were each an "employer" within the meaning of Sec. 3(d), 29 U.S.C. 203(d).

46.    At any and all times relevant hereto, Plaintiff was an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. 203(e).

47.    Plaintiff was not paid for all hours worked in excess of 40 in a week in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

48.    At all times relevant hereto the action of Defendants to not pay premium pay for all hours worked over 40 in a week was willful in that among other things:

    a.  Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week; and,

    b.  Defendants failed to maintain true and accurate time records.

49.    As a direct and proximate result thereof, the individual Plaintiff, James Brown is due unpaid overtime and liquidated damages, pursuant to 29 U.S.C. 216.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, JAMES BROWN, individually and on behalf of all others similarly situated, by and through his attorneys demand judgment against the Defendants and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff and the putative class for the nature, extent and duration of their damages, the costs of this action and as follows:

    A.    Certify a class for Counts I, II and III;

    B.    Appoint Stephan Zouras, LLP as Plaintiffs' counsel;

9

EXHIBIT A

C.    Declare and find that the Defendants committed one or more of the following acts:

      i.    Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.* by failing to pay overtime wages to the Plaintiffs;

     ii.    Violated the pay provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*, by failing to pay overtime wages to Plaintiffs;

   iii.    Unjustly benefited from the overtime work performed by Plaintiffs;

    iv.    Violated the overtime provisions of the FLSA by failing to pay overtime wages to the named Plaintiff, James Brown; and,

     v.    Willfully violated the overtime provisions of the FLSA by failing to pay overtime wages to the named Plaintiff, James Brown.

D.    Award compensatory damages, including all overtime pay owed, in an amount according to proof;

E.    Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

F.    Award liquidated damages on all overtime compensation due to the individual Plaintiffs in Count IV brought under the FLSA;

G.    Award all costs and reasonable attorney's fees incurred prosecuting this claim;

H.    Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

I.    For such further relief as the Court deems just and equitable.

Dated: _1/7/10_

Respectfully Submitted,

Ryan F. Stephan
James B. Zouras
Stephan Zouras, LLP

10

205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
lawyers@stephanzouras.com

EXHIBIT A

FILED 2 - 16

2010 JAN -7 PM 4:12

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| JAMES BROWN, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1 0 C H 0 0 9 1 5 |
| v. | ) ) | |
| EYE CARE CENTERS OF AMERICA, INC., and EYEMASTERS, INC., d/b/a VISIONWORKS | ) ) ) ) | PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |
| Defendants. | ) ) ) | |

NOW COMES the Plaintiff, JAMES BROWN on behalf of himself and all others similarly situated, pursuant to 735 ILCS 5/2-801, and herewith moves the court to certify this suit as a class action under the *Illinois Minimum Wage Law*, 820 ILCS 105/1 *et seq.*, "IMWL" (Count I), the *Illinois Wage Payment and Collection Act* 820 ILCS §115/1 *et seq.*, "IWPCA" (Count II), and common law (Counts III) to recover unpaid wages. The class action procedure has been found appropriate in cases under the IMWL and IWPCA. *Roger Wenthold, et al. v. AT&T Technologies, Inc.*, 142 Ill. App.3d 612 (1st Dist. 1986)

## I.  INTRODUCTION

1.  Plaintiffs filed their Class Complaint requesting relief on behalf of a class of all workers who, at any time during the relevant statute of limitations period (referenced herein as the "class period"), were employed by Defendants in Illinois as salaried managers or other similarly titled positions and were not paid overtime.

## II.  DEFINITION OF THE CLASS/LEGAL STANDARD

2.  The Plaintiff class may be defined as follows:

"All individuals who are currently employed or who were employed by one or more of the Defendants, its subsidiaries or affiliated companies, as salaried managers in the State of Illinois at any time during the relevant statute of limitations period."

3.    The representative plaintiffs can meet each of the requirements for maintaining a

class action under state law.  The Illinois Code of Civil Procedure provides:

§2-801. Pre-requisites for the maintenance of a class action. An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)    The class is so numerous that joinder of all members is impracticable.

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy. P.A. 82-280, §2-801, eff. July 1, 1982.

4.    Plaintiffs can meet each of the statutory requirements for maintenance of this suit

as a class action.  The class action device is ideally suited for the collection of overtime

wage claims.  *Roger Wenthold, et al. v. AT&T Technologies, Inc., et al.*, 142 App.3d

6112 (1st Dist. 1986).

### III.    NUMEROSITY OF THE CLASS

5.    The class of Plaintiffs is so numerous that joinder of all members is impracticable.

The precise number in the class cannot be determined until payroll records, and

employment lists are obtained from Defendants.  However, it is believed there are well

2

EXHIBIT A

over 100 aggrieved employees. Once Defendants' records are obtained, the Court will know the precise number of persons affected.

## IV.    COMMON QUESTIONS OF FACT OR LAW

6.     There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

    a.   Whether Defendants failed to keep true and accurate time records for all hours worked;

    b.   Whether Defendants' records of hours worked are reliable where Defendants failed its duty to maintain true and accurate time records;

    c.   Whether Defendants failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

    d.   Whether Defendants improperly classified Plaintiffs as exempt from the IMWL;

    e.   Whether the Plaintiffs customarily and regularly supervised the work of two (2) or more other employees;

    f.   Whether the Plaintiffs' primary duty was management;

    g.   Whether the Plaintiffs' primary duty was administrative;

    h.   Whether Defendants failed to compensate Plaintiffs for all work performed in excess of 40 hours per workweek with overtime premium wages; and,

    i.   Whether the Defendants willfully failed to comply with state wage and hour laws.

7.     The common question of law to all of the class members is that each class member is protected by the *Illinois Minimum Wage Law*, 820 ILCS 105/1 *et seq.* for the overtime work not properly paid.

8.     Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

3

EXHIBIT A

## V.   ADEQUACY OF REPRESENTATION

9.     The Plaintiff, JAMES BROWN and his attorneys, STEPHAN ZOURAS, LLP,

will fairly and adequately protect the interests of the class.  Plaintiff, JAMES BROWN

was employed by Defendants during the class period. He was misclassified as exempt

and is owed compensation for all hours worked over 40 in a week and he has the

incentive to request his back wages. His attorneys, STEPHAN ZOURAS, LLP, are highly

experienced and recognized attorneys in wage and hour law and have been designated as

class counsel in other class actions in the state court.  STEPHAN ZOURAS, LLP have

been designated as class counsel in other class actions in state and federal courts. *See e.g.*

*Perkins, et al v. Specialty Construction Brands, Inc.*, No. 09 CV 1678 (N.D. Ill. Dow, J.);

*Farmer et al v. Direct Sat USA*, 08 CV 3962 (N.D.Ill., Gottschall, J.), *Perez et al v.*

*RadioShack Corporation*, 02 CV 7884 (N.D.Ill., Pallmeyer, J*.), Ciesla, et al v. Lucent*

*Technologies, Inc.*, No. 05 cv 1641 (United States District Court for the Northern District

of Illinois) *Huebner v. Graham C-Stores*, No. 06 CH 09695 (Cook County, Ill., Maki, J),

*Corbin et al v. Barry Realty*, 02 CH 16003 (Circuit Court of Cook County, Chancery

Division, State of Illinois); *Kutcher et al v. B&A Associates*, 03 CH 07610 (Circuit Court

of Cook County, Chancery Division, State of Illinois); *Stuart et al v. College Park et al*,

05 CH 09699 (Circuit Court of Cook County, Chancery Division, State of Illinois);

*Jones, et al v. Casey's General Stores, Inc.*, No. 07 cv 400 (United States District Court

for the Southern District of Iowa); *Wineland, et al v. Casey's General Stores, Inc.*, No.

08-cv-00020 (United States District Court for the Southern District of Iowa); *Casale et al*

*v. Provident Bank*, Case No. 04-2009 *(JLL) (D.N.J.). Franco v. Ideal Mortgage Bankers,*

*Ltd, d/b/a Lend America, Inc.*, 07 CV 3956 (E.D.N.Y.); *Cedeno v. Home Mortgage Desk*

4

EXHIBIT A

*Corp., d/b/a Home Desk, et al,* 08 CV 1168 (E.D.N.Y.); *Chabrier v. Wilmington Finance, Inc.,* 2006 WL 3742774 (E.D. Dec. 2006). STEPHAN ZOURAS, LLP have the ability and the resources to manage this lawsuit.

## VI.    APPROPRIATENESS OF CLASS ACTION METHOD

10.    A class action would be an appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results.    The Appellate Court of Illinois has recognized this. *Roger Wenthold, et al. v. AT&T Technologies, Inc., et al.,* 142 App.3d 612 (1st Dist. 1986). A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.    Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.    Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.    The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## VII.    CONCLUSION

11.    There is no doubt that Plaintiffs' claims are certifiable and should be determined on a class wide basis.    Any questions of fact or law can be answered and liability determined on a class wide basis by looking at Defendants' standardized policies as well

EXHIBIT A

as its time and pay records. Based on the foregoing, Plaintiffs ask the Court to grant

Plaintiffs' Motion for Class Certification and to appoint the law firms of, Stephan Zouras,

LLP as class counsel.

Respectfully submitted,

1/7/10

Ryan F. Stephan
James Zouras
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
Attorney No. 43734

6

EXHIBIT A

FILED S - 16
2010 JAN -7 PM 4: 11

```
CLERK OF THE CIRCUIT COURT - COOK COUNTY
00068494 Chancery-01 1/7/2010 3:41PM
ATTY# 43734   021 YASHIKAWI
40 MINIMUM:                      $0.00
CASE NO: 2010CH00915    CALENDAR: 10
COURT DATE: 6/0/0000 12:00AM
CASE TOTAL: $559.00
Base Filing Fee 6                $240.00
Document Storage                  $15.00
Automation                        $15.00
Law Library                       $13.00
Arbitration                       $10.00
12 Jurors 3                      $230.00
Dispute Resolution                 $1.00
Court Services                    $25.00
Children Waiting Rm               $10.00
CHECK NO: 1907
CHECK AMOUNT:                    $559.00
CHANGE                             $0.00

RECEIPT 0001 OF 0001
TRANSACTION TOTAL:              $559.00

            THANK YOU
```

EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED 9 - 16
2010 JAN -7 PH 4:01

JAMES BROWN, Individually, and on Behalf of All Others Similarly Situated

**Plaintiff**

v.

EYE CARE CENTERS OF AMERICA, INC., and EYEMASTERS, INC., d/b/a VISIONWORKS

**Defendant**

No. **10 CH 00915**

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the line in front of the appropriate category which best characterizes your action being filed.

0005_____  Administrative Review
0001__X__   Class Action
0002_____  Declaratory Judgment
0004_____  Injunction

0007_____  General Chancery
0010_____  Accounting                     0019_____  Partition
0011_____  Arbitration                    0020_____  Quiet Title
0012_____  Certiorari                     0021_____  Quo Warranto
0013_____  Dissolution of Corporation     0022_____  Redemption Rights
0014_____  Dissolution of Partnership     0023_____  Reformation of a Contract
0015_____  Equitable Lien                 0024_____  Rescission of a Contract
0016_____  Interpleader                   0025_____  Specific Performance
0017_____  Mandamus                       0026_____  Trust Construction
0018_____  Ne Exeat                       _____  Other (specify)_____

By: __STEPHAN ZOURAS, LLP_____
           Attorney                    Pro Se

Atty. No.: 43734_____
Name: STEPHAN ZOURAS, LLP_____
Atty. for: Plaintiff_____
Address: 205 N. Michigan Avenue, Suite 2560____
City/State/Zip: Chicago, Illinois 60601_____
Telephone: 312-233-1550_____

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT A